UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBYSTAR NGUYENLE,

    Plaintiff,                                    Hon. Janet T. Neff

v.                                                Case No. 1:12 CV 1170

SPECTRUM HEALTH BLODGETT HOSPITAL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (dkt. #7), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons articulated below, the undersigned recommends that Defendant's motion be **granted** and Plaintiff's claims be **dismissed** for lack of subject matter jurisdiction.

**I. Factual Background**

On October 29, 2012, Rubystar Nguyenle ("Plaintiff") filed a complaint alleging medical malpractice and/or wrongful death against Spectrum Health - Blodgett Hospital ("Defendant"). The Complaint, in its entirety, reads as follows:

> My father Donald van Nguyen passed away on Saturday[,] November 26, 2011, while at Spectrum Health/Blodgett Hospital. I believe there was medical malpractice that resulted in wrongful death. I therefore want to sue the hospital.

Defendant, in lieu of submitting an answer, filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. As of the date of this Report and Recommendation, Plaintiff has not responded to Defendant's motion.

**II. Analysis**

A fundamental question presented by every action in federal court is whether the court has jurisdiction to hear that case. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The jurisdiction of the federal district courts is limited only to matters expressly authorized by the Constitution or other federal law. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is presumed that "a claim lies outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

To survive a Rule 12(b)(1) motion to dismiss, Plaintiff must satisfy the Court that it has subject matter jurisdiction of the claims at issue. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). To sufficiently allege jurisdiction, Plaintiff's complaint must contain "facts which, if true, establish that the district court ha[s] jurisdiction over the dispute." *Carrier Corp. v. Outkumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). Because Defendant is challenging the sufficiency of Plaintiff's allegations, rather than the accuracy of such, the allegations in Plaintiff's complaint "must be taken as true" and assessed to determine whether such establish the propriety of jurisdiction in this court. *See Carrier Corp.*, 673 F.3d at 440 (distinguishing between a facial and factual challenge as to the court's subject matter jurisdiction).

**A. Diversity Jurisdiction**

Subject matter jurisdiction may be based on diversity of citizenship. As this action does not involve citizens or subjects of a foreign state, diversity is established only if the parties are "citizens of different states" and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. Plaintiff's complaint does not allege any amount in controversy; however, the Court need not reach the issue of whether the jurisdictional minimum is properly pled, as the parties are not citizens of different states.

Accepting the allegations in the complaint as true, Plaintiff is a citizen of Michigan. (Dkt. #1, p. 1). Plaintiff's complaint, however, contains no allegations regarding the citizenship of Defendant. In the absence of such, Plaintiff has failed to meet their burden of pleading sufficient diversity of citizenship. Nevertheless, under § 1332(c)(1), a corporation is a citizen of its state of incorporation and the state in which it locates its principle place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Defendant alleges in its motion to dismiss that it is a citizen of Michigan because it is both incorporated and maintains its principle place of business in the State of Michigan. (Dkt. #7). Plaintiff has not refuted or otherwise challenged this assertion. The undersigned, therefore, concludes that Plaintiff has not properly plead diversity of citizenship. Thus, this Court cannot exercise diversity jurisdiction over Plaintiff's claims.

**B. Federal Question Jurisdiction**

Despite the absence of diversity jurisdiction, the Court may still hear Plaintiff's complaint if it alleges a federal question. *See* 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States."). Under § 1331, federal courts have jurisdiction where a well-pleaded complaint shows that "federal law creates the cause of action" or in situations where the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 473 U.S. 1, 27-28 (1983).

Plaintiff's complaint asserts claims for medical malpractice and wrongful death, neither of which appear to implicate federal law. Plaintiff bears the burden of properly pleading subject matter jurisdiction. *See Kokkonen*, 511 U.S. at 377. Because Plaintiff's complaint fails to demonstrate that federal law creates the causes of action or that Plaintiff's right to relief otherwise implicates federal law, the undersigned finds this Court cannot exercise federal question jurisdiction in this matter.

### III. Conclusion

Plaintiff has failed to allege facts sufficient to establish that this Court may properly exercise subject matter jurisdiction in this matter. The undersigned, therefore, recommends Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be **granted** and Plaintiff's claims be **dismissed** for lack of subject matter jurisdiction

                                              Respectfully submitted,

Date: July 1, 2013                                    /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).