UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBYSTAR NGUYENLE,

    Plaintiff,

v

SPECTRUM HEALTH-BLODGETT
HOSPITAL,

    Defendant.
_____/

Case No. 1:12-cv-1170

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff Rubystar Nguyenle, proceeding *pro se*, initiated the present action against Defendant Spectrum Health-Blodgett Hospital on October 29, 2012 alleging medical malpractice and/or wrongful death (Dkt 1). Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction (Dkt 7). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendant's motion. The matter is presently before the Court on Plaintiff's Objection to the Report and Recommendation (Dkt 14). Defendant has filed a Response (Dkt 15), and Plaintiff has filed a Supplement (Dkt 16). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objection and issues this Opinion and Order.

Plaintiff's objection states simply that he objects to the Report and Recommendation and the notice of hearing cancellation, and asks the Court "to keep the hearing to have justice," asserting that he is suing Defendant for $250,000,000 (Pl. Obj., Dkt 14 at 1). The Objection then provides a

narrative chronology of events surrounding Plaintiff's father's death and the family's attempts to see their father, and various supporting documentation.

Plaintiff's objection must be denied. The Magistrate Judge properly determined that this Court lacks subject matter jurisdiction over this case, which appears to allege state law claims of medical malpractice or wrongful death. Nothing in Plaintiff's Complaint or his Objection provides a basis for jurisdiction in federal court.

As Defendant's Response notes, Plaintiff's Complaint and Objection reflect a significant factual misunderstanding, likely stemming from language barriers. It appears that Plaintiff's father died at home, and was transported to Defendant hospital only because it is the location of the morgue out of which the medical examiner operates (Def. Resp., Dkt 15 at 2).[1] Defendant's Response sets forth an appropriate legal analysis confirming that jurisdiction is lacking.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objection (Dkt 14) is DENIED and the Report and Recommendation (Dkt 13) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Dkt 7) is GRANTED.

Dated: October 28, 2013          /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge

---

[1] Defendant states that with this new understanding, it is attempting to reach out to the family through an interpreter to explain these circumstances and provide closure for the family.